No. 25-1808

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**BRANDON JOE WILLIAMS**,

*Plaintiff-Appellant,*

v.

**UNITED STATES SMALL BUSINESS ADMINISTRATION**,

*Defendant-Appellee.*

Appeal from the United States District Court
Central District of California
No. CV 24-09553 RGK (SK)

**APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE**

BILAL A. ESSAYLI
   *United States Attorney*
DAVID M. HARRIS
   *Assistant United States Attorney*
   *Chief, Civil Division*
ALEXANDER L. FARRELL
   *Assistant United States Attorney*
   Federal Building
   300 N. Los Angeles Street, Suite 7516
   Los Angeles, California 90012
   Telephone: (213) 894-5557
   E-mail: Alexander.Farrell@usdoj.gov

   Attorneys for Defendant-Appellee
   United States Small Business
   Administration

## MOTION FOR SUMMARY AFFIRMANCE

Pursuant to Ninth Circuit Rule 3-6, Defendant-Appellee United States Small Business Administration (SBA) moves for summary affirmance of the district court's dismissal of the complaint filed by Appellant Brandon Joe Williams. Summary affirmance is appropriate because this appeal is "obviously controlled by precedent" and is one "in which the insubstantiality is manifest from the face of appellant's brief." *United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (*per curiam*).

### A. Summary of Allegations and Proceedings Below

On September 20, 2024, Williams filed a civil action against the SBA in the Superior Court of the State of California for the County of Los Angeles. CR 1-1. Williams' complaint sought to extinguish his obligations under a small business Economic Injury Disaster Loan he received during the COVID-19 pandemic. *See generally* CR 1-1. In essence, Williams borrowed money pursuant to an SBA program, refused to pay the loans back, and then sued the SBA for approximately $2 million in unspecified damages. *Id*. Williams asserted claims for breach of contract, breach of fiduciary duty, "currency" cause of action,

contract fraud, conversion, unjust enrichment, violation of California Business and Professions Code § 17200, *et seq.*, violation of California Penal Code §§ 496, 236.1, 487, and criminal violation of California Corporations Code § 25541. *Id*. Most of Williams' allegations are derived from various sections of the Model Uniform Commercial Code (UCC). *Id*.

On November 5, 2024, the SBA removed the case to federal court pursuant to 28 U.S.C. § 1442(a)(1). CR 1. On November 12, 2024, the SBA moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), CR 8, which motion Williams never opposed. *See* CR 23 at 3. On November 27, 2024, Williams filed a motion to remand the case back to state court. CR 12.

On December 20, 2024, the district court (1) denied Williams' motion for remand after finding that the SBA's removal to federal court pursuant to 28 U.S.C. § 1442(a)(1) was proper; (2) granted the SBA's motion to dismiss; and (3) dismissed the action in its entirety. CR 23.

On January 6, 2025, Williams filed "objections" challenging the denial of the remand motion. CR 24; 24-1. On January 10, 2025,

Williams filed a motion for reconsideration of the court's the denial of the remand motion. CR 27.

On January 31, 2025, Williams filed a second motion for reconsideration asserting additional arguments in response to the district court's December order, specifically about the remand motion and the removal pursuant to 28 U.S.C. § 1442(a)(1). CR 32.

On February 27, 2025, the district court denied Williams' motions for reconsideration because Williams did not demonstrate that the motions satisfied the limited grounds for reconsideration under Federal Rules of Civil Procedure 59 or Local Rule 7-18. CR 36 at 2. Williams appealed.

## B. Argument

Under Ninth Circuit Rule 3-6(a)(2), this Court may summarily dispose of an appeal at "any time prior to the completion of briefing" when "it is manifest that the questions on which the decision in the appeal or petition for review depends are so insubstantial as not to justify further proceedings…." Summary affirmance is appropriate where, as here, "the outcome of [the] case is beyond dispute," such that "summary disposition is of obvious benefit to all concerned." *Hooton*,

3

693 F.2d at 858. Summary affirmance is warranted for multiple reasons.

First, Williams cannot demonstrate that the SBA's removal of the case to federal court under 28 U.S.C. § 1442 was improper.

Second, the district court properly concluded that Williams' complaint should be dismissed for lack of subject matter jurisdiction and failure to state a claim.

Third, the district court properly denied Williams' motions for reconsideration because he failed to present any new evidence not previously available to him or a change in the law that would justify relief.

### 1. The SBA's Properly Removed the Case Pursuant to 28 U.S.C. § 1442(a)(1)

28 U.S.C. § 1442(a)(1) authorizes the removal of a civil action that is "against or directed to" "[t]he United States or any agency thereof." "Courts afford § 1442 a 'generous' and 'liberal construction, interpreting the statute 'broadly in favor of removal.' They do so because the statute 'vindicates ... the interests of government itself' in 'preserving its own existence.'" *DeFiore v. SOC LLC*, 85 F.4th 546, 553 (9th Cir. 2023)

4

(quoting *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252-53 (9th Cir. 2006)).

"A party seeking removal under section 1442 must demonstrate that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Durham*, 445 F.3d at 1251 (quoting *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999)). The SBA's removal in this case meets each of the *Durham* elements.

First, the SBA is a federal agency of the United States. The plain language of 28 U.S.C. § 1442(a)(1) authorizes such federal agencies to remove any civil actions against or directed to them. When a federal agency defendant removes a case under § 1442, the first two factors of *Durham* are satisfied because the removing party is a federal agency that has been sued for its alleged actions, and the plain language of 28 U.S.C. § 1442(a)(1) allows federal agencies to remove any civil actions against or directed to them.

Williams provides no relevant authority to support his erroneous contention that 28 U.S.C. § 1442(a)(1) does not apply to a federal agency

that removed a case from a California state court. Indeed, Williams' claims that the Superior Court of the State of California for the County of Los Angeles, is not a "state court" as applied under 28 U.S.C. § 1442(d)(6), AOB at 7-8, ignores the plain language of the statute. Section 1442(d)(6) is a definitional sub-section that does not *limit* federal agency removals to actions removed only from the Superior Court of the District of Columbia, a court of a United States territory or insular possession, or a tribal court. 28 U.S.C. § 1442(d)(6). Instead, the statute demonstrates that the term State means that federal agency removals can arise from all 50 States, including the "States" as statutorily defined to encompass the District of Columbia, U.S. territories, and Indian country. 28 U.S.C. § 1442(d)(5). Further, the statute demonstrates the term State court means that federal agency removals can arise from the state courts of all 50 states, including the "state courts" within the District of Columbia, U.S. territories, and tribal courts. 28 U.S.C. § 1442(d)(6).

The second *Durham* element is also satisfied. The complaint, on its face, asserted a causal nexus between the SBA's actions or alleged inactions and Williams' claims. Specifically, Williams' complaint both

challenges his obligations under a loan he obtained from the SBA and claims that the SBA harmed him. CR 1-1 ¶¶ 6-9.

According to the complaint, in May of 2020, Williams obtained an Economic Injury Disaster Loan from the SBA in an original amount of $59,000. CR 1-1 ¶ 6; Ex. D. Williams signed a promissory note for the Loan in the original amount. *Id.* ¶¶ 8-9. On December 14, 2021, Williams applied to modify the Loan to increase the total amount to $198,700. CR 1-1 ¶ 7. Williams signed a second promissory note for this increased amount. *Id.* ¶ 9. Williams alleged that when he signed the first and second promissory notes for these loans, he was unaware of their terms and conditions. *Id.* ¶¶ 8-9. Williams further alleged that he was an "eligible entity" to receive the Loan because he received it on behalf of his business, Demand Creators, Inc. *See* CR 1-1 Ex. D; *see also* 15 U.S.C. § 9009(a)(2) (definition of eligible entity). As of August 9, 2024, Demand Creators, Inc. was delinquent on its repayment on the Loan by 647 days. *Id.* Williams thereafter attempted to evade his Loan obligations and initiated this lawsuit, demanding approximately $2 million in unspecified damages from the SBA. Accordingly, the second *Durham* element is met.

Finally, under the third *Durham* element, federal agencies like the SBA have the federal defense of sovereign immunity. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Cox v. U.S. Dep't of Agric.*, 800 F.3d 1031, 1032 (9th Cir. 2015) (per curiam). "In determining removal jurisdiction under § 1442(a)(1), the scope of the court's inquiry is only whether the defendant advanced a colorable federal defense, not whether [the] defense will be successful. Defendants need not win [their] case before removal. And a removing defendant need not have a colorable federal defense for every claim; one colorable federal defense against one asserted claim is enough." *DeFiore*, 85 F.4th at 558 (internal quotations and citations omitted).

Here, the SBA is entitled to assert sovereign immunity and other federal defenses to certain types of tort liability and damages claims, as well as federal contract law defenses since Williams obtained the loan from the SBA in accordance with federal law. *See* Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. No. 116-136, §§ 1101-1114, 134 Stat. 286-313 (2020) (codified as amended at 15 U.S.C. §§ 9001-9013); *see also* 28 U.S.C. § 1346(b).

Furthermore, to the extent Williams sought to assert common law tort claims, the Federal Torts Claims Act ("FTCA") is the sole avenue of relief for tort claimants against the federal government, which is otherwise immunized by sovereign immunity. *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992) (explaining that the False Tort Claims Act waives sovereign immunity only if the plaintiff first exhausted his administrative remedies); *J.C. Driskill, Inc. v. Abdnor*, 901 F.2d 383, 386 (4th Cir. 1990) (FTCA is exclusive remedy for actions against federal government sounding in tort regardless of sue-or-be-sued clauses); *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1028-29 (10th Cir. 1989) (same). And under the FTCA, federal district courts have "exclusive jurisdiction" over civil actions for claims against the United States for money damages for injury or loss of property caused by the negligent or wrongful act or omission of any employee of the Government. 28 U.S.C. § 1346(b).

Accordingly, Williams may not maintain tort claims against a United States agency in state court.

## 2. The District Court Properly Granted SBA's Motion to Dismiss

The district court next correctly agreed that Williams' complaint was both barred by sovereign immunity and inadequately pled. Indeed, Williams' prolix and unintelligible complaint was subject to dismissal for numerous reasons, including that his tort claims fail to meet the various jurisdictional requirements set forth by the FTCA, and that his contract-theory claims fail to state plausible claims for relief.

First, an action against the United States, and its agencies, is barred, and no subject matter jurisdiction exists, if the United States has not explicitly waived its sovereign immunity against suit. *See, e.g., United States v. Mitchell,* 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). In the district court, Williams failed to identify any applicable waiver of sovereign immunity as to his claims against the SBA.

Williams' other claims for breach of contract, breach of fiduciary duty, and "money had and received" are each based on the UCC and are similarly infirm. CR 1-1 ¶¶ 13-14, 23-24 28-29. It is Federal law, not the model code, that applies to contracts with the United States.

10

*See McDonald v. United States*, 13 Ct. Cl. 255, 260 (Ct. Cl. 1987); *see also Kuehne & Nagel, Inc. v. United States*, 17 Cl. Ct. 11 n.5 (Ct. Cl. 1989) (explaining that the UCC does not apply to the federal government, "for federal common law governs the rights of the United States"). Moreover, loaning entities normally have no "fiduciary duty" to the borrower. *See e.g. Saldate v. Wilshire Credit Corp.*, 268 F.R.D. 87, 100 (E.D. Cal. 2010) (rejecting borrower's claim that lending bank owed him a fiduciary duty).

With respect to Williams' claims of fraud and conversion, 15 U.S.C. § 634(b), the "sue-or-be sued clause" does not supplant the status of the FTCA, as the sole avenue of relief for tort claimants against the federal government and its agencies. *See J.C. Driskill, Inc.*, 901 F.2d at 386; *see also Ascot Dinner Theatre, Ltd.*, 887 F.2d at 1028-29.

As to Williams' claims for unjust enrichment and "money had and received," the United States has not waived its sovereign immunity as to these types of equitable claims. *See Westbay Steel, Inc. v. U.S.*, 970 F.2d 648, 651 (9th Cir. 1992); *see also United States v. California*, 507 U.S. 746, 759 (1993).

Williams' seventh claim for a violation of California Business and

11

Professions Code § 17200, *et seq.*, also known as the Unfair Competition Law ("UCL"), was also subject to dismissal because the SBA is not a "business" subject to regulation by the State of California, and the UCL does not contain a waiver of sovereign immunity by the United States or its agencies. Cal. Bus. & Prof. Code §§ 17203; 17206; 17207. And regardless, the SBA is a government entity rather than a "person" within the meaning of the UCL. Cal. Bus. & Prof. Code § 17201 (definition of "person").

Although Williams also sought to sue the SBA for its putative violations of provisions of the California Penal Code and Corporations Code, are such bare and conclusory allegations that a criminal statute was violated are insufficient to state a claim, and especially against a federal agency such as the SBA. *See e.g. Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) ("[T]his Court has rarely implied a private right of action under a criminal statute.").

Finally, and although it considered the merits of the SBA's motion to dismiss, the district court correctly noted that Williams' failure to oppose the motion to dismiss was "deemed consent to the granting [] of the motion…" *See* C.D. Cal. L.R. 7-12; C.D. Cal. L.R. 7-9 (requiring

opposing papers to this type of motion be filed no later than twenty-one days before the designated hearing date). Williams does not explain a basis for his failure to oppose the motion to dismiss, and instead merely states that he is a *pro se* litigant who wants to "have a hearing to clear up everything with the situation orally." AOB at 11.

Ultimately, Williams advanced meritless theories that have been unsuccessfully asserted throughout the country by individuals, like Williams, who seek to avoid debt repayment. *See, e.g.*, *Nixon v. Individual Head of St. Joseph Mortgage Co.*, 615 F. Supp. 898, 900–901 (N.D. Ind. 1985), aff'd 792 F.2d 142 (7th Cir. 1986) (finding that lawsuit seeking to avoid debt based on sovereign citizen theory was brought in bad faith and sanctionable). Indeed, the district court correctly acknowledged that such arguments have been uniformly rejected by the courts that have considered them, and correctly granted the SBA's motion to dismiss. CR 23 at 3.

### 3. The District Court Did Not Abuse its Discretion in Denying Williams' Motions for Reconsideration

Finally, the district court did not abuse its discretion in denying Williams' motions for reconsideration. *See Smith v. Pacific Props. &*

13

*Dev. Corp.*, 358 F.3d 1097, 1100 (9th Cir. 2004); *see also MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

The Local Rules of the Central District of California identify three limited grounds for reconsideration: (1) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered; (2) the emergence of new material facts or a change of law occurring after the Order was entered; or (3) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered. *See* C.D. Cal. L.R. 7-18.

Williams failed to articulate, both in the district court and on appeal, any evidence that was not previously known to him when he filed his initial motion for remand. *See generally* AOB. Neither do his pleadings show new material facts or a change of law that occurred after the December 30th Order was entered, or that the district court improperly failed to consider material facts presented to it. *See* C.D. Cal. L.R. 7-18. Accordingly, the district court properly denied Williams' requests for reconsideration. This Court should affirm.

### C. Conclusion

For the foregoing reasons, this Court should affirm the dismissal of Williams' complaint.

| | |
|---|---|
| Dated: May 28, 2025 | Respectfully submitted, |
| | BILAL A. ESSAYLI<br>United States Attorney<br>DAVID M. HARRIS<br>Assistant United States Attorney<br>Chief, Civil Division |
| | */s/ Alexander L. Farrell*<br>ALEXANDER L. FARRELL<br>Assistant United States Attorney<br>Attorneys for Defendant-Appellee<br>United States Small Business Administration |