No. 25-1808

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**BRANDON JOE WILLIAMS®**,
*Plaintiff-Appellant,*

v.

**UNITED STATES SMALL BUSINESS ADMINISTRATION**,
*Defendant-Appellee.*

Appeal from the United States District Court
Central District of California
No. CV 24-09553 RGK (SK)

**RESPONSE IN OPPOSITION TO APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE
[DCKT #5]**

Brandon Joe Williams
*Attorney-in-fact*
PO Box 1962
Glendale CA, 91209
Telephone: (747) 273-0799
E-mail: brandon@williamsandwilliamslawfirm.com

Attorney for Plaintiff-Appellant:
BRANDON JOE WILLIAMS®

**RESPONSE IN OPPOSITION TO APPELLEE'S MOTION FOR SUMMARY AFFIRMANCE**
**[DCKT #5]**

**I. Introduction**

BRANDON JOE WILLIAMS® hereby opposes this frivolous and time-wasting motion filed by the advocates for the Defendant-Appellee.

This is an attempt by the advocates for the Appellee to again file in something hoping for an easy victory due to the presumed inability for BRANDON JOE WILLIAMS® to file into the case in opposition or to clearly communicate himself.

I think this, in itself, is bad faith due to the fact that my opening brief that was filed is quite verbose and gives an opportunity to talk about many aspects of my concerns and questions as regards to this appeal.

The advocates for the Appellee brought the original "sovereign citizen" presumption to the table in the original case and I would like to actually have a deeper conversation about the meaning of that term. Originally, I filed an affidavit (attached herein as Exhibit A) that rejected the term but I have since come to a conclusion that I should not be so brash and I should give the advocates of the Appellee an opportunity to define the term of their usage.

Originally, as seen in item #56 of the original affidavit, it is said: "Neither plaintiff nor his agent is a "sovereign citizen" and, even if either one was, that's entirely irrelevant to these proceedings."

I would like to say that, at the time of the writing of that affidavit I was entirely sure of this aspect but, after extensive thought and reviewing of many pieces of case law, I think the proper move on this is to allow the advocates for the Defendant-Appellee to define the term of their presumption. I think this is an excellent time for the Dept of Justice advocate attorneys to have the floor on this appeal to flesh out and explain their meaning and intent behind the term "sovereign citizen."

I will admit that I was rash and childish in terms of my response to the usage of that term. The reason being is that I felt as though the term was undefinable and indefensible… as I have described in my opening brief. A "Boogieman" of a term that would float into my world and torment me as it could not be attacked. Since this time I have matured and realized that this most Honorable appeals court is the exact venue for me to turn and face this demon in order to clarify it not just for my benefit, but for anyone in the 9th Circuit struggling with the same problem that I am faced with.

I am tired of running… I am tired of deflecting… I am tired of fighting a ghost of which has no meaning. I hereby implore this most Honorable appeals court to force a discourse on the subject in order to clarify this demonic term once and for all. I will not run any longer.

I have already raised all of my concerns and questions in the opening brief in order to allow the advocates on behalf of the Defendant-Appellee to have the floor to respond with specifics in an effort to clarify the term. The two cases that need to be spoken about, in detail, have already been brought to the table in the opening brief. Those cases are: **Slaughter-House Cases, 83 US 36 (U.S. Supreme Court - 1873)** and **Dred Scott v. Sandford, 60 US 393 (U.S. Supreme Court - 1857).**

I am excited to proceed on this meaning and to gain a deeper understanding of what the advocates of the Defendant-Appellee mean when they use the term "sovereign citizen."

## II. SPECIFIC RESPONSES IN RELATION TO EACH POINT OF THE ORIGINAL MOTION

1. On page 2, it is said: **Summary affirmance is appropriate because this appeal is "obviously controlled by precedent" and is one "in which the insubstantiality is manifest from the face of appellant's brief." United States v. Hooton, 693 F.2d 857, 858 (9th Cir. 1982) (per curiam).**
Rebuttal: There is absolutely no evidence of this. There are various very specific and very serious questions that are raised in this appeal, as delineated in the opening brief.

2. On page 2, it is said: **Williams' complaint sought to extinguish his obligations under a small business Economic Injury Disaster Loan he received during the COVID-19 pandemic.**
Rebuttal: This is false as there was no "obligation" of which needed to be "extinguished." There were two original notes, of which have already been acknowledged by the advocates of the appellee, that were unconditional promises to pay. Those unconditional promises to pay were issued and negotiated via an indorsement. This suit is to claim and gain the original interest value of those notes while simultaneously acquiring damages.

3. On page 2, it is said: **In essence, Williams borrowed money pursuant to an SBA program, refused to pay the loans back, and then sued the SBA for approximately $2 million in unspecified damages.**
Rebuttal: This is false and is an attempt to mislead this most honorable appeals court. As already covered, the negotiation and issuance of the original notes is the justiciable controversy in this lawsuit. "Williams" never "borrowed" "money" at all. "Williams" also never "refused" to "pay the loans back." The loans were overpaid immediately once the two original notes were issued due to the fact that the original notes had the value of not just the principal amount, but also the interest. This lawsuit is to claim not only that principal value, but also the interest value of both original notes. There is currently an overpayment on these accounts and I claim the interest value, which is the overpayment amount.

4. On page 3, it is said: **On November 12, 2024, the SBA moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), CR 8, which motion Williams never opposed.**
   Rebuttal: I did rebut many of the aspects of that motion in my motion to remand back to State court. I did not specifically label that document or motion as a motion in opp, but it should be part of the leniency afforded to pro se litigants that all aspects that would have been in opp to that motion were openly communicated on the motion to remand. These points of opposition were on a docket item and that should be acknowledged. But above and beyond that, this case should have never been picked up by the Federal court.

5. On page 4, it is said: **Williams filed a motion for reconsideration of the court's the denial of the remand motion. CR 27. On January 31, 2025, Williams filed a second motion for reconsideration**
   Rebuttal: These are both false statements. The motions were void order motions under Federal Rule of Civil Procedure 60(b)(4), not motions for reconsideration. This was very clear in the original filings.

6. On page 5, it is said: **First, Williams cannot demonstrate that the SBA's removal of the case to federal court under 28 U.S.C. § 1442 was improper.**
   Rebuttal: as described in the opening brief, the definition of "State court" is clear that it would not include areas outside the exclusive territorial jurisdiction of the national government as described in 4 USC 71. California would fall outside of that jurisdiction as described in *Caha v. U.S., 152 U.S. 211 (U.S. Supreme Court - 1894)*

7. On page 5, it is said: **Third, the district court properly denied Williams' motions for reconsideration because he failed to present any new evidence not previously available to him or a change in the law that would justify relief**
   Rebuttal: The original affidavit, which is attached to this filing, was "new evidence"

8. On page 7, it is said: **Section 1442(d)(6) is a definitional sub-section that does not limit federal agency removals to actions removed only from the Superior Court of the District of Columbia, a court of a United States territory or insular possession, or a tribal court. 28 U.S.C. § 1442(d)(6). Instead, the statute demonstrates that the term State means that federal agency removals can arise from all 50 States, including the "States" as statutorily defined to encompass the District of Columbia, U.S. territories, and Indian country. 28 U.S.C. § 1442(d)(5). Further, the statute demonstrates the term State court means that federal agency removals can arise from the state courts of all 50 states, including the "state courts" within the District of Columbia, U.S. territories, and tribal courts. 28 U.S.C. § 1442(d)(6).**
   Rebuttal: this is laughable and shows the extreme ignorance of the appellee's advocates. *Meese v. Keene, 481 US 465 (U.S. Supreme Court - 1987)* says: "It is axiomatic that the statutory definition of the term excludes unstated meanings of that term. Colautti v. Franklin, 439 U. S. 379, 392, and n. 10 (1979) … As judges it is our duty

to construe legislation as it is written, not as it might be read by a layman, or as it might be understood by someone who has not even read it."

The advocates of this case are attempting to stretch, without any evidence, the clear and specific limitations of 28 USC 1442 to being only those areas that are within the exclusive territorial jurisdiction of the National government as it is defined in 4 USC 71. The specific location of the idea behind 28 USC 1442(d)(6) is 4 USC 72. California is not "attached to the seat of government" which is exactly why it would not fit within the definition of State court from 28 USC 1442(d)(6). It is a legal impossibility for the District of Columbia to remove a case from California as California is a sovereign entity and this situation desperately needs to be addressed by the 9th Circuit. This is a gross misunderstanding that needs a heavy and swift hand. Much of this argument has also been covered in the opening brief.

There is ABSOLUTELY NOTHING in 28 USC 1442 that indicates that the 50 sovereign states of the Union would be included in this ability for removal, regardless of any of the other case law that the advocates have put forward. All of the various references that have been put forward by the advocates would be inadmissible in accordance with Federal Rules of Evidence 402, 602 and 603.

The attempt for the advocates to "interpret" what is so clearly written shows ignorance to the basic functionality between the 50 sovereign states and the Federal government.

9. On page 9, it is said: **Finally, under the third Durham element, federal agencies like the SBA have the federal defense of sovereign immunity.**
Rebuttal: This is entirely false, as described in detail in the opening brief. The SBA is a US citizen and is an entirely different entity from the sovereign United States, as covered in *Bank of United States v. Planters' Bank of Georgia, 22 US 904 (U.S. Supreme Court - 1824).* It is also CRYSTAL clear in 15 USC 634(b)(1) that the SBA can "sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court." All of the various references that the advocates have listed all fall short on Rules of Evidence 402, 602 and 603. The various references that the advocates have listed are irrelevant due to the fact that the SBA is an entirely separate person from the sovereign entity called "United States."

10. On page 10, it is said: **Accordingly, Williams may not maintain tort claims against a United States agency in state court.**
Rebuttal: This is an oxymoron due to the fact that an "agency" is, by definition, a separate entity. The advocates are literally proving their own demise in this sentence. The SBA is a separated person, which is a corporation that may be sued, as made clear in 15 USC 634(b)(1)

11. On page 11, it is said: **It is Federal law, not the model code, that applies to contracts with the United States.**

> Rebuttal: This is exactly why I listed the various case law references in my opening brief. I have been building out all the specific Supreme Court case law that is the underbelly to the model UCC in an effort to give standing to my claims in a Federal venue. I am willing and able to continue to do this, as needed, but that is not the basis of my opening brief. Why would I continue to do that when I could simply use the California Commercial Code and save everyone the headache of having to dig through endless cases? This is all covered in the opening brief.

12. On page 12, it is said: **Moreover, loaning entities normally have no "fiduciary duty" to the borrower. See e.g. Saldate v. Wilshire Credit Corp., 268 F.R.D. 87, 100 (E.D. Cal. 2010) (rejecting borrower's claim that lending bank owed him a fiduciary duty).**
    Rebuttal: This is irrelevant as the borrower is the bank/Federal Credit Union… not the appellant. The person who unconditionally promised to pay is the one who created the value on the original 2 notes. This quote does nothing more than prove that a counter-suit would be moot if the advocates decided to do so. Nothing was ever loaned to BRANDON JOE WILLIAMS® or Brandon Joe Williams. What occurred was Brandon Joe Williams (indorser) helped BRANDON JOE WILLIAMS® issue the original notes which were convertible into Federal Reserve Notes via Fedwire. The bank or Fed Credit Union (processor) was the borrower, not the appellant.

13. On page 13, it is said: **the SBA is not a "business" subject to regulation by the State of California**
    Rebuttal: This is patently false, as described in 15 USC 634(b)(1)

14. On page 14, there is reference to: **Nixon v. Individual Head of St. Joseph Mortgage Co., 615 F. Supp. 898, 900–901**
    Rebuttal: this case and the various things that the advocates have to say about it are irrelevant due to the fact that the claims involve money, not negotiable instruments. The advocates of this case are as ignorant about this subject as Ronnie L.R. NIXON. The glaring misunderstanding between money and negotiable instruments is made crystal clear in UCC 3-102: "This Article applies to negotiable instruments . It does not apply to money"

15. On page 16, it is said: **Williams failed to articulate, both in the district court and on appeal, any evidence that was not previously known to him when he filed his initial motion for remand.**
    Rebuttal: this is false as the attached affidavit was filed in as new evidence.

**III. Closing**

I have already extensively raised all the questions necessary in order to clarify, understand and bring clarity to the previous presumptions brought by the appellee-defendant and his/her advocates in the opening brief of this appeal.

It is a physical impossibility to prove that this suit is a suit regarding money. No different than the ridiculous idea that I paid "money" to be in this most Honorable appeals court to be here… which is a laughable concept. I tendered unconditional promises to pay, called Federal Reserve Notes, and the court became the new holder of those notes. There was never any "money" exchanged during this process and any delusion of this fact just shows either the intense ignorance by the appellee's advocates or straight-up fraud. The $605 that was tendered to start this appeal was in negotiable instruments that the court became the holder of upon delivery (which is legally "acceptance"). This is not a hard concept to grasp and it is starting to feel like the advocates are "playing dumb" in an effort to just get some kind of win based on a presumption… which is acting in bad faith at this point in this conversation. I already have an opening brief available and we have many prominent subjects to speak about if we simply stopped wasting time.

The DOJ advocates have an incredible opportunity to speak in more depth about their stances and ideas regarding citizenship, what they think is money, negotiable instruments, etc. We have an excellent opportunity here to create case law and the behavior of the advocates is akin to a tantrum from a young child. The advocates have raised particular defenses in the original case and now we're here to define and to give deeper detail to those presumptions.

Let's not waste more time of this most Honorable appeals court and let's dive into the meat and potatoes of these claims in order to bring a deeper understanding. I'm very curious to get into additional details as to the definition of the term "sovereign citizen" so that I can determine if either BRANDON JOE WILLIAMS® or Brandon Joe Williams is one.

I have already been crystal clear in my opening brief that BRANDON JOE WILLIAMS® is not sovereign in any way due to his being a US citizen. So this conversation needs to encompass some various points, which are all put forth in the opening brief:

1. The relation of the term "sovereign citizen" to a state citizen in contrast to a Federal US citizen
2. The relation of the term "sovereign citizen" to a white man born or naturalized in a state of the Union in relation to a negro that was released from the 13th Amendment and given citizenship by the 14th Amendment
3. The relation of the term "sovereign citizen" to the 14th Amendment in contrast to the original Bill of Rights and Declaration of Independence
4. The relation of the term "sovereign citizen" within the confines of **Dred Scott v. Sandford, 60 US 393 (U.S. Supreme Court - 1857)** and **Slaughter-House Cases, 83 US 36 (U.S. Supreme Court - 1873)**
5. We also need to speak about quotes such as the following:
    a. **Hale v. Henkel, 201 U.S. 43 (U.S. Supreme Court - 1906)**: The individual may stand upon his constitutional rights as a citizen. He is entitled to carry on his private business in his own way. His power to contract is unlimited. He owes no duty to the State or to his neighbors to divulge his business, or to open his doors

      to an investigation, so far as it may tend to criminate him. He owes no such duty to the State, since he receives nothing therefrom beyond the protection of his life and property. His rights are such as existed by the law of the land long antecedent to the organization of the State, and can only be taken from him by due process of law, and in accordance with the Constitution. Among his rights are a refusal to incriminate himself and the immunity of himself and his property from arrest or seizure except under a warrant of the law. He owes nothing to the public so long as he does not trespass upon their rights.

  b. ***Yick Wo v. Hopkins, 118 U.S. 356 (U.S. Supreme Court - 1886)***: Sovereignty itself is, of course, not subject to law, for it is the author and source of law; but, in our system, while sovereign powers are delegated to the agencies of government, sovereignty itself remains with the people, by whom and for whom all government exists and acts. And the law is the definition and limitation of power.

  c. ***Barnes v. District of Columbia, 91 U.S. 540 (U.S. Supreme Court - 1875)***: The people are the recognized source of all authority, state and municipal, and to this authority it must come at last, whether immediately or by a circuitous process.

  d. ***Lansing v. Smith, 4 Wend. 9 (Court of Appeals of New York - 1829)*** (persuasive authority): The people of this state, as the successors of its former sovereign, are entitled to all the rights which formerly belonged to the king by his prerogative. Through the medium of their legislature they may exercise all the powers which previous to the revolution could have been exercised either by the king alone, or by him in conjunction with his parliament; subject only to those restrictions which have been imposed by the constitution of this state or of the United States.

I am very excited to dig into these quotes and others with the advocates of the appellee. The main area of discussion will be the difference in meaning of the term "US citizen" (or "citizen of the United States") prior to and after ***Slaughter-House Cases, 83 US 36 (U.S. Supreme Court - 1873)***. The most Honorable Mr. Samual Freeman Miller fundamentally changed the meaning of that term in that case. In terms of sovereignty and citizenship, this will be the subject that will bear the most fruit and I'm excited to dive down that rabbit hole with the advocates for the appellee and hear their thoughts behind this term "sovereign citizen" in relation to this.

The "money" argument is so untenable that it simply makes the Dept of Justice look like fools and should be abandoned as rapidly as possible. This is a negotiable instruments case and has nothing to do with money. No amount of presumptions would ever prove this delusion and it is a frivolous, borderline fraudulent at this point, claim.

For these reasons, this motion should be dismissed with prejudice.

Dated: June 3, 2025								Respectfully submitted,
												BRANDON JOE WILLIAMS®
												By: */s/ Brandon Joe Williams, agent*