No. 25-1808

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**BRANDON JOE WILLIAMS®**,
*Plaintiff-Appellant,*

v.

**UNITED STATES SMALL BUSINESS ADMINISTRATION**,
*Defendant-Appellee.*

Appeal from the United States District Court
Central District of California
No. CV 24-09553 RGK (SK)

**RESPONSE IN OPPOSITION TO APPELLEE'S MOTION TO STAY THE BRIEFING SCHEDULE [DCKT #6]**

Brandon Joe Williams
*Attorney-in-fact*
PO Box 1962
Glendale CA, 91209
Telephone: (747) 273-0799
E-mail: brandon@williamsandwilliamslawfirm.com

Attorney for Plaintiff-Appellant:
BRANDON JOE WILLIAMS®

**RESPONSE IN OPPOSITION TO APPELLEE'S MOTION TO STAY THE BRIEFING SCHEDULE [DCKT #6]**

Appellant opposes SBA's motion to stay the briefing schedule. This is simply an attempt to get a procedural victory on something of which should be analyzed on its merits.

In reviewing the Ninth Circuit Judicial Caseload Profile (https://cdn.ca9.uscourts.gov/datastore/general/2022/Ninth_Circuit_Judicial_Caseload_Profile_June2022.pdf), it is very refreshing to see that around twice as many cases are terminated on the merits rather than procedurally. This most Honorable appeals court is merit-centric which is something I am very grateful for and I am attempting to survive procedurally in an effort to actually handle the merits of this appeal. The reason the advocates flat out refuse, as shown in their filings, to handle and address the merits of this case is simply because they don't know how to substantiate their frivolous usage of terms and presumptions. They would rather use undefined or irrelevant buzzwords such as "sovereign citizen" or "money" in an attempt to get a quick and painless win through vague presumptions and procedural tactics.

The advocates for the appellee should be forced to clearly define and clarify the terms they are using.

The briefing schedule should proceed because:

1. Appellant timely filed his opening brief and is entitled to a full appellate process.

2. Granting a stay prejudices Appellant by delaying resolution of important constitutional and statutory questions.

3. The pending motion for summary affirmance is unlikely to dispose of the appeal as a matter of law, given the substantial jurisdictional and procedural questions.

4. A stay of briefing serves only to hinder the adversarial process and deprive the Court of complete briefing on matters of legal significance.

**Conclusion**

For the foregoing reasons, Appellant respectfully requests that the Court deny this motion to stay the briefing schedule.

Dated: June 3, 2025                                Respectfully submitted,
                                                            BRANDON JOE WILLIAMS®
                                                            By: */s/ Brandon Joe Williams, agent*